RECEIVED
IN LAKE CHARLES, LA
DEC - 6 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:13 CR 00057-04 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| KWAME RAPHAEL CUNNINGHAM | : | MAGISTRATE JUDGE KAY |

MEMORANDUM RULING

Presently before the court are the Government's and the Defendant's objections to the Presentence Report ("PSR") prepared by the Probation Department.

The Government's objection, as well as the Defendant's first objection, refer to the amount of loss attributed to this defendant. Probation concurs with the objections, but also included additional checks based upon additional information provided by the Government. This brought the total intended loss to $91,249.44 resulting in a total offense level of 16. A total offense level of 16 and a Criminal History Category of I produces a guideline range of 21 to 27 months. These objections require no ruling from the court.

The defendant's second objection refers to the applicability of the authentication feature defined in 18 USC §1028(d)(1). He argues that this provision does not apply to his case. Probation responds that stealing the routing numbers and account numbers of the commercial checks meets the criteria of an authentication feature in the statute.

· 18 USC § 1028(a) states:

(a) Whoever, in a circumstance described in subsection (c) of this section--

(1) knowingly and without lawful authority produces an identification document, authentication feature, or a false identification document;

(2) knowingly transfers an identification document, authentication feature, or a false identification document knowing that such document or feature was stolen or produced without lawful authority;

(3) knowingly possesses with intent to use unlawfully or transfer unlawfully five or more identification documents (other than those issued lawfully for the use of the possessor), authentication features, or false identification documents;

(4) knowingly possesses an identification document (other than one issued lawfully for the use of the possessor), authentication feature, or a false identification document, with the intent such document or feature be used to defraud the United States;

(5) knowingly produces, transfers, or possesses a document-making implement or authentication feature with the intent such document-making implement or authentication feature will be used in the production of a false identification document or another document-making implement or authentication feature which will be so used;

(6) knowingly possesses an identification document or authentication feature that is or appears to be an identification document or authentication feature of the United States or a sponsoring entity of an event designated as a special event of national significance which is stolen or produced without lawful authority knowing that such document or feature was stolen or produced without such authority;

(7) knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law; or

(8) knowingly traffics in false or actual authentication features for use in false identification documents, document-making implements, or means of identification;

shall be punished as provided in subsection (b) of this section.

18 U.S.C.A. § 1028 (d)(in pertinent part) states:

(d) In this section and section 1028A--

(1) the term "authentication feature" means any hologram, watermark, certification, symbol, code, image, sequence of numbers or letters, or other feature that either individually or in combination with another feature is used by the issuing authority on an identification document, document-making implement, or means of identification to determine if the document is counterfeit, altered, or otherwise falsified;

(2) the term "document-making implement" means any implement, impression, template, computer file, computer disc, electronic device, or computer hardware or software, that is specifically configured or primarily used for making an identification document, a false identification document, or another document-making implement.

The two-point enhancement under USSG 3B1.1(b)(11)(A)(ii) is based upon the defendants' use of an "authentication feature. In this definition, an "authentication feature" must satisfy two requirements: 1.) it must be used "the issuing authority," and 2.) it must be used on an "identification document," "document-making implement," or "means of identification."

"Issuing authority" is defined in 18 USC 1028 as referring only to governmental entities (not banks or businesses that issue checks):

"the term "issuing authority"-- (A) means any governmental entity or agency that is authorized to issue identification documents, means of identification, or authentication features; and (B) includes the United States Government, a State, a political subdivision of a State, a sponsoring entity of an event designated by the President as a special event of national significance, a foreign government, a political subdivision of a foreign government, or an international government or quasi-governmental organization.

*Id.* Also, the definitions for "identification document," "document-making implement," and "means

of identification" all refer to identification of individuals (not a businesses or checking accounts). *See Id.* The application comments for this enhancement support the proposition that a check or numbers used on a check are not an "authentication feature."

Additionally, Mr. Cunningham will be sentenced for Count 11, the Aggravated Identity Theft charge. The Guidelines for this charge, USSG 2B1.6, contains application note 2 that prohibits application of the "means of identification enhancement" that is applied in the PSR.

> Inapplicability of Chapter Two Enhancement.--If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for the transfer, possession, or use of a means of identification when determining the sentence for the underlying offense. A sentence under this guideline accounts for this factor for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). "Means of identification" has the meaning given that term in 18 U.S.C. 1028(d)(7).

Accordingly, Mr. Cunningham's objection to the PSR for the application of the 3B1.1(b)(11)(A)(ii) enhancement IS SUSTAINED. This enhancement will be removed.

In his final objection Cunningham states that there is no evidence to suggest that he organized, led, managed or supervised his co-conspirators. Application note 4 to section 3B1.1(b) lists a number of factors that tend to support a finding of manager status, including the defendant's participation in planning, recruitment of accomplices, and exercise of control and authority over others. *U.S. v. Reagan,* 725 F.3d 471, 494 (5th Cir. 2013). The Defendant stipulated that he, Swan, Washington and Kittleberger were the primary conspirators in this case. They stole the original checks, secured the equipment necessary to produce the counterfeit checks, and then they recruited men with identification from the homeless shelter to cash the checks for a fee. Cunningham and Washington were the recruiters. Cunningham transported the men to the banks to cash the checks

and he paid them for doing so. The facts of this case support this enhancement. The Defendant's objection is OVERRULED.

Considering the ruling above, the defendant's Total Offense level is 14, with a Criminal History Category of I. The guideline range is 15 to 21 months.

Lake Charles, Louisiana, this 5 day of December, 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE